

**U.S. Department of Justice**

*Jane E. Young*
*United States Attorney*
*District of New Hampshire*

*Federal Building*  (603) 225-1552
*53 Pleasant Street, 4th Floor*
*Concord, New Hampshire 03301*

February 12, 2024

Maria Hamilton
Clerk of Court
United States Court of Appeals For the First Circuit
1 Courthouse Way
Boston, Massachusetts 02110

      Re:    <u>Rule 28j Letter – United States v. Donovan, C.A. No. 23-1328</u> (argument held Feb. 8, 2024, before Barron, Thompson, and Montecalvo, CJJ)

Dear Ms. Hamilton:

    At oral argument, opposing counsel cited <u>United States v. Airdo</u>, 380 F.2d 103 (7th Cir. 1967), to support Donovan's claim that the district court erred in permitting his girlfriend to assert her Fifth-Amendment privilege against self-incrimination. Because Donovan did not cite <u>Airdo</u> in his brief, government counsel was unable to address it at argument. Upon further review, <u>Airdo</u> does not help Donovan's claim.

    In <u>Airdo</u>, the defendant was charged with the unlawful of possession of a television set stolen from interstate commerce. During a suppression hearing, the defendant admitted that he lived in the apartment where one set was found and paid rent and utility bills for the apartment. 380 F.2d at 107. The government later introduced these statements at trial to prove the defendant's possession of the television sets. <u>Id.</u> On appeal, the Seventh Circuit rejected the defendant's contention that this admission violated his right against self-incrimination because it tended to establish only one element of the charged offense. <u>Id.</u>

    Donovan relied on <u>Airdo</u> in arguing to this Court that a person may not assert the privilege against self-incrimination and decline to admit possession of an item where the admission of possession is only one element of an offense. But the Supreme Court's later decision in <u>Simmons v. United States</u>, 390 U.S. 377 (1968), abrogated this portion of <u>Airdo</u>. In <u>Simmons</u>, the Court broadly held that "when a defendant testifies in support of a motion to suppress evidence on Fourth Amendment grounds, his testimony may not thereafter be admitted against him at trial on the issue of guilt." <u>Id.</u> at 394.

    <u>Airdo</u> accordingly fails to undermine the government's contention that any admission by Donovan's girlfriend that she possessed a gun, which was stolen, would have been incriminating because it established "a rung on the ladder of evidence leading to prosecution." <u>United States v.</u>

<u>Castro</u>, 129 F.3d 226, 229 (1st Cir. 1997).  The district court was thus correct to allow her Fifth Amendment invocation.

        Sincerely.

        JANE E. YOUNG
        United States Attorney

    By:    <u>/s Charles L. Rombeau</u>
           Charles Rombeau, AUSA